JORGE PÉREZ, CÁNDIDO MARTÍNEZ SÁNCHEZ y JOVITO MORALES demandantes y apelantes, *v.* CASIMIRO R. CABRANES, demandado y apelado.

Número 10946.

*Sometido:* 1 de febrero de 1954.   *Resuelto:* 31 de enero de 1955.

*Guillermo Bauzá,* abogado de los apelantes; *Edelmiro Martínez Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Los demandantes y apelantes presentaron una demanda de daños y perjuicios contra el demandado y apelado, alegando que éste último era dueño de un templete situado en la plaza pública de Toa Alta, cuyo techo se derrumbó, causando ciertos daños a los demandantes y apelantes.   El de-

---

mandado y apelado contestó negando ser el dueño del templete y alegando en contrario que dicho templete en todo momento, *e incluyendo el día del alegado accidente* era propiedad de la municipalidad de Toa Alta y/o del Comité de Fiestas Patronales de dicho pueblo. La ilustrada Sala sentenciadora ordenó dilucidar previamente la condición de dueño del demandado y apelado.

La prueba demostró que dicho templete fué construído por el Comité de Festejos de las Fiestas Patronales, con dinero recolectado entre los vecinos de Toa Alta y ciertos materiales prestados por algunos comerciantes de la plaza; que al terminarse las fiestas patronales, se procedió a desmantelar dicho templete, para removerlo de la plaza pública; que se empezó la obra de remoción poco a poco; que mientras el templete todavía estaba en pie unos jóvenes penetraron en él, y estando dentro, se derrumbó el techo, causando daños a algunos de los jóvenes allí reunidos. La prueba de los demandantes y apelantes tendió a establecer el hecho, que después de haberse terminado las Fiestas Patronales, el templete fué adquirido por el demandado y apelado, procediendo éste a removerlo para trasladar los materiales a una propiedad suya. Hemos escrutinizado la prueba de los demandantes y apelantes y del examen de la misma, estamos convencidos que la conclusión formulada por los testigos de dicha parte, en el sentido que el demandado y apelado era el dueño del templete, se basa principalmente en el hecho de haber visto al demandado y apelado dirigiendo las obras de demolición del templete, y cargando en una guagua de su pertenencia, ciertos materiales de construcción obtenidos de la demolición del templete. La declaración del demandado y apelado, sostenida por la afirmación del señor Alcalde de Toa Alta, fué en el sentido que él era un simple miembro del Comité de Festejos, que ayudó a la recolección de fondos y a conseguir ciertos materiales prestados de los comerciantes de la plaza, ayudó asimismo a construir el templete para la celebración de las

fiestas, y por encargo del Comité de Festejos, empezó a desmantelar el templete con idea de devolver ciertos materiales prestados a los comerciantes de la plaza y de remover la madera y el resto de los materiales. La declaración del demandado y apelado también dejó establecido el hecho que los carpinteros que procedieron a la demolición eran pagados por el Comité de Festejos y no por él, y aunque él los dirigía, eran empleados del Comité de Festejos. También quedó establecido el hecho que tanto una guagua del demandado y apelado como un *truck* de otra persona, fueron prestados para devolver algunos materiales a los comerciantes de la plaza. En cuanto al destino de la madera utilizada en la construcción del templete los demandantes y apelantes afirmaron que la misma le pertenecía al demandado y apelado, éste lo negó y el señor Alcalde de Toa Alta declaró "el Comité es el que se reune para entregarlas a las personas que las donan: porque muchas veces se donan las maderas...los comités se encargan de todo eso", (t.35).

La ilustrada Sala sentenciadora llegó a la siguiente conclusión de hecho: "la prueba sobre el punto que resolvemos en este momento, y que adujo la parte demandante ha demostrado que Cabranes transportó parte de la madera del templete, que dió órdenes y puso carpinteros a trabajar a fin de destruir el templete una vez terminadas las fiestas patronales. Sin embargo, sería estirar mucho el pensamiento para que con esa prueba pueda llegar el tribunal a la conclusión que Cabranes fuera el dueño del templete el día en que se lesionaron los demandantes. El Alcalde de la población ha declarado que ese templete no era de Cabranes y sí del pueblo de Toa Alta y de personas que habían prestado zinc y maderas para construirlo. Del conjunto de la prueba el tribunal llega a la conclusión de hecho de que Cabranes, el demandado, no era el dueño del templete el día en que el accidente ocurrió y que por lo tanto no debe ser responsabili-

zado de las lesiones que recibieron los demandantes. El señor Cabranes no fué negligente en forma alguna."

Habiendo llegado a dicha conclusión dictó sentencia declarando sin lugar la demanda. Los demandantes y apelantes apelan de la sentencia señalando como único error el siguiente: "el tribunal inferior cometió error al declarar sin lugar la demanda a pesar de desprenderse de sus conclusiones y no aplicar la teoría del 'respondeat superior' ". De la conclusión de la ilustrada sala sentenciadora que hemos acotado anteriormente, extracta las palabras, como suficientes para la aplicación del respondeat superior: "la prueba sobre el punto que resolvemos en este momento y que adujo la parte demandante ha demostrado que Cabranes transportó parte de la madera del templete, que dió órdenes y puso carpinteros a trabajar a fin de destruir el templete una vez terminadas las fiestas patronales". Obviamente, tal afirmación *in extratus* no representa el pensamiento de la ilustrada sala sentenciadora, cuando se lee en su totalidad la conclusión de hecho anteriormente transcrita. Además, la prueba creída por la ilustrada Sala sentenciadora es adversa a la conclusión, que por su cuenta hace, el abogado de los demandantes y apelantes. Pero aún así, ni el carácter de la representación ni los términos del encargo, ni los elementos racionales sobre los cuales podría descansar el juicio de la superioridad aparecen de dicha conclusión, escuetamente considerada. Los demandantes y apelantes descansaron en el hecho que el demandado y apelado era dueño del templete, y como tal responsable por el estado ruinoso de la edificación de acuerdo con el art. 1807 del Código Civil de Puerto Rico. No pueden quejarse ahora, si la prueba demostró, lo contrario.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Sifre está conforme con el resultado.